J-S11034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARKLEM VICKS, | : | |
| | : | |
| Appellant | : | No. 3077 EDA 2014 |

Appeal from the Judgment of Sentence September 8, 2010
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0007622-2008

BEFORE:  FORD ELLIOTT, P.J.E, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 29, 2016**

Marklem Vicks ("Vicks") appeals *nunc pro tunc* from the judgment of sentence imposed following his open guilty plea to one count each of aggravated assault, conspiracy and possession of an instrument of crime.[1] We affirm.

On the night of September 12, 2007, Vicks, along with Sammie Campbell and Maurice Wilkinson ("Wilkinson"), exited a van at the corner of 5th and Moore Streets and shot Anthony Reid ("Reid").  Earlier in the evening, Wilkinson had threatened Reid, a rival heroin dealer.  When the three men returned later that evening, they were armed with two semi-automatic handguns and an assault rifle.  They shot at Reid over thirty times, hitting him four times.  Reid suffered serious injuries to his torso, arm

---

[1] ***See*** 18 Pa.C.S.A. §§ 2702(a), 903(a)(1), 907(a).

and leg. At least 6 other people were on the corner area at the time of the shooting.

On April 20, 2010, Vicks pled guilty to the above-mentioned crimes. On September 8, 2010, the trial court sentenced Vicks to a prison term of 5-10 years on the aggravated assault conviction, 5-10 years on the conspiracy conviction, and 2-5 years on the possession of an instrument of crime conviction, with all sentences to run consecutively. Vicks did not appeal his judgment of sentence. However, in 2011, Vicks filed a Petition pursuant to the Post Conviction Relief Act,[2] which resulted in the reinstatement of his direct appeal rights. This timely appeal followed.

On appeal, Vicks raises the following issues for our review:

1. Is [Vicks] entitled to a new sentenc[ing] hearing when the trial court imposed a sentence outside the sentenc[ing] guidelines but did not give any reason for doing this?

2. Was the mandatory minimum sentence impose[d] by the trial court unconstitutional and therefore illegal because[,] under the sentencing statute that was applied by the trial court in imposing the sentence[,] the judge must make the finding that the defendant visibly possessed a firearm by [a] preponderance of the evidence[,] not beyond a reasonable doubt[,] at sentencing? Is the sentencing statute in this case unconstitutional?

Brief for Appellant at 2.

Generally, upon entry of an guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence

---

[2] *See* 42 Pa.C.S.A. §§ 9541-9546.

imposed. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014) (holding that the proper entry of a guilty plea acts to extinguish virtually all legal challenges that could have been brought upon the trial or appeal of the case). However, when there are no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a subsequent challenge to the discretionary aspects of sentencing. *See Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Because Vicks entered an open guilty plea, without sentencing restrictions, he may challenge the discretionary aspects of his sentence.

When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

In the instant case, Vicks filed a timely Notice of Appeal and included in his appellate brief a separate Rule 2119(f) statement. Although the docket indicates that Vicks filed a timely post-sentence Motion, no such Motion appears in the certified record. As such, we are unable to determine whether Vicks preserved his discretionary challenge by raising it in his post-sentence Motion. Notwithstanding, we will proceed to determine whether he has presented a substantial question for our review.

In his first issue, Vicks contends that, at his sentencing hearing, the trial court failed to state on the record its reasons for imposing a sentence outside the sentencing guidelines, in violation of 42 Pa.C.S.A. § 9721(b). Brief for Appellant at 8, 9. Vicks asserts that the trial court imposed an unreasonable sentence because Vicks had no crimes of violence or firearms violations in his background. *Id*. at 8. Vicks points out that his co-defendant, who also pled guilty, received a lesser sentence of 5-10 years in prison. *Id*. at 8. Vicks claims that the fact that the trial court imposed a sentence less than the lawful maximum does not mean that his sentence is reasonable. *Id*. at 8, 9. Vick also argues that the trial court improperly failed to consider his age, family history and rehabilitative needs. *Id*. at 9. Vicks contends that the trial court's imposition of consecutive sentences was unnecessary. *Id*. Vicks asserts that the trial court's failure to state its

- 4 -

reasons for imposing sentence on the record renders his sentence unreasonable. **Id**.[3]

A claim that the sentencing court imposed a sentence outside the standard sentencing guidelines without stating adequate reasons on the record, presents a substantial question. **See Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014). We will begin by determining whether Vicks's aggravated assault sentence fall outside of the standard sentencing guideline ranges. **See id**.

Because Vicks committed his crimes in 2007, his sentencing was subject to the 6th Edition of the Sentencing Guidelines, which became effective June 3, 2005. **See Commonwealth v. Maneval**, 688 A.2d 1198, 1200 (Pa. Super. 1997) (explaining that the applicable guidelines are those in effect at the time that the offense was committed). Using those guidelines, Vick's offense gravity score for his aggravated assault conviction was an 11. **See** 204 Pa. Code § 303.15; **see also Commonwealth v. Baker**, 963 A.2d 495, 511 (Pa. Super. 2008) (explaining that the offense of aggravated assault (causes serious bodily injury) carries an offense gravity score of 11). Using the deadly weapon matrix, provided at 204 Pa. Code § 303.18, the standard guideline range for aggravated assault was 54-72

---

[3] To the extent that Vicks attempts to raise any issues not identified in his Statement of Questions Presented for Review, we decline to consider such issues. **See** Pa.R.A.P. 2116 (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

months.  **See** 204 Pa. Code § 303.18.  Because Vicks was sentenced to 5-10 years (60-120 months) in prison on his aggravated assault conviction, his sentence for that crime fell within the standard range of the sentencing guidelines.  Thus, Vicks has failed to present a substantial question with regard to his sentence for his aggravated assault conviction.  **See**

**Antidormi**, 84 A.3d at 760 n.20.[4]

In his second issue, Vicks contends that the mandatory minimum sentence imposed by the trial court on his conviction for aggravated assault

---

[4] Even if Vicks's claim had raised a substantial question, we would have concluded that his claim lacks merit.  Here, the trial court was presented with a presentence investigation report ("PSI") and a sentencing memorandum prepared by the Commonwealth, both of which were discussed at the sentencing hearing.  **See** N.T., 9/8/10, at 2-4.  Additionally, the Commonwealth presented the facts of the crimes committed by Vicks, Vicks's extensive criminal history, including 13 arrests and 6 adjudcations of delinquency, as well as his failed efforts to rehabilitate himself.  **See id**. at 2-4, 11-16.  Further, Vicks's counsel detailed Vicks's troubled youth and upbringing, and his personal attributes.  **See id**. at 4-11.  Finally, Vicks exercised his right of allocution, and expressed his remorse for his crimes. **See id**. at 16-18.  Prior to imposing sentence, the trial court indicated that Vicks's sentence would reflect "everything that was put on the record." **Id**. at 18.  Where the sentencing judge had the benefit of a PSI, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors. **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988). Because the trial court had the benefit of a PSI, we presume that it was aware of all relevant information regarding Vicks's character, and weighed those considerations along with the mitigating statutory factors.  **See Devers**, 546 A.2d at 18.

is illegal because 42 Pa.C.S.A. § 9712(b)[5] requires the trial court to find that Vicks visibly possessed a firearm by using the "preponderance of the evidence" standard, rather than by using the "beyond a reasonable doubt" standard. Brief for Appellant at 10. Vicks asserts that, pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), section 9712(b) is unconstitutional.[6] Brief for Appellant at 10.

A challenge to the imposition of a mandatory minimum sentence constitutes a challenge to the legality of the sentence. *See Commonwealth v. Foster*, 17 A.3d 332, 345 (Pa. 2011). A challenge to the legality of a sentence is never waived so long as a court has jurisdiction to address the claim. *See Commonwealth v. Berry*, 877 A.2d 479, 482

---

[5] Section 9712(a) provides, in relevant part, that "any person who is convicted … of a crime of violence …, shall, if the person visibly possessed a firearm or a replica of a firearm, … that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement …" 42 Pa.C.S.A. § 9712(a). Subsection (b) provides that "[t]he applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable." 42 Pa.C.S.A. § 9712(b).

[6] In *Alleyne*, the United States Supreme Court ruled that a fact that mandatorily increases the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. *See Alleyne*, 133 S. Ct. 2155. The *Alleyne* decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.

(Pa. Super. 2005). The question of whether a claim implicates the legality of a sentence presents a pure question of law. *Foster*, 17 A.3d at 340 n.13. Issues relating to the legality of a sentence are reviewed *de novo,* and our scope of review is plenary. *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013).

Here, there is no indication in the record that the Commonwealth elected to proceed under the mandatory minimum sentencing statute. The Commonwealth did not notify Vicks prior to sentencing that it would seek the mandatory minimum. The written guilty plea colloquy is devoid of any reference to a mandatory minimum sentence. At the sentencing hearing, the Commonwealth acknowledged that "[t]he sentencing guidelines the Court has to take into consideration are 54 to 72 months with deadly weapon aggravated assault[,] which is a mandatory of 5 to 10 years," but nevertheless requested a 15-year prison sentence for Vicks.[7] N.T., 9/8/10, at 12-13; *see also id*. (wherein the Commonwealth stated that its request that the trial court impose a sentence greater than the sentencing guidelines was based on Vicks's criminal history, noting Vicks's 13 arrests and 6

---

[7] *See* 204 Pa. Code § 303.18, which was in effect at the time Vicks committed his crimes. Section 303.18 has been replaced by section 303.17(b). *See* 204 Pa. Code § 303.17(b).

adjudications of delinquency).[8]    At the sentencing hearing, the Commonwealth did not request that Vicks be sentenced pursuant to the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9712.[9] Further, the trial court did not state that it was imposing a mandatory minimum sentence when passing sentence upon Vicks. **See** N.T., 9/8/10, at 18-19. Most importantly, in its sentencing Order, the trial court specifically indicated that it did *not* impose a mandatory minimum sentence on Vicks for his aggravated assault conviction. **See** Sentencing Order, 9/8/10, at 2 (unnumbered) (wherein the "No" box is checked under the heading "Mandatory Sentence.").[10]

Because the record supports the trial court's consideration of the sentencing guidelines, including the deadly weapon enhancement, we reject

---

[8] At the sentencing hearing, Vicks's counsel specifically requested that the trial court impose a prison term of 5-10 years on the aggravated assault conviction. **See** N.T., 9/8/10, at 8-9, 10; **see also** id. at 9 (wherein Vicks's counsel indicated that a prison sentence of 5-10 years "is a proper sentence in this case.").

[9] We note, however, that in its sentencing memorandum, the Commonwealth indicated that "[t]he Sentencing Guidelines recommend a sentencing range of 54–72 months for the shooting of [] Reid (OGS–11 [deadly weapon used], PRS–0) and there is a mandatory minimum sentence of 5–10 years for committing an aggravated assault with a firearm." **See** Memorandum for Sentencing, 6/9/10, at 5.

[10] Even if the trial court's lack of specificity at the sentencing hearing regarding the basis for its sentence were to create any uncertainty, such uncertainty was resolved by the sentencing Order. **See Commonwealth v. Heredia**, 97 A.3d 392, 395 n.5 (Pa. Super. 2014) (explaining that "the text of the sentencing order is determinative of the court's sentencing intentions and the sentence imposed.").

Vicks's assertion that the trial court imposed sentence under 42 Pa.C.S.A. § 9712(a). Under the sentencing guidelines, Vicks's use of a deadly weapon increased the *recommended* sentencing ranges, which the trial court was free to accept or reject. ***See Commonwealth v. Yuhasz***, 923 A.2d 1111, 1118 (Pa. 2007) (explaining that the sentencing guidelines are purely advisory in nature, and do not alter the legal rights or duties of the defendant). Because the trial court did not sentence Vicks based on the mandatory sentencing statute, his sentence is not illegal on that ground. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015); ***see also Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1269 n.10 (Pa. Super. 2014) (explaining that, because the sentencing court used the deadly weapon enhancement rather than the mandatory minimum, ***Alleyne*** was not implicated). For this reason, Vicks's second claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016

- 10 -