J-S12005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY JAMES VANDERPOOL, JR. | : | |
| | : | No. 1346 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence July 31, 2017
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000150-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY JAMES VANDERPOOL, JR. | : | |
| | : | No. 1347 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence July 31, 2017
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000131-2017

BEFORE: LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 03, 2018**

Harry James Vanderpool, Jr., appeals from the judgment of sentence, entered in the Court of Common Pleas of Bradford County, following his guilty plea to two counts of theft by unlawful taking and one count of defiant

trespass.[1]  Counsel has also filed a motion to withdraw pursuant to ***Anders***.[2]  After review, we affirm and grant counsel's motion for withdrawal.

On June 1, 2017, Vanderpool entered an open guilty plea to theft by unlawful taking graded as a misdemeanor of the first degree, and on July 31, 2017, the trial court sentenced him to 12 to 36 months' incarceration.  The same day, Vanderpool entered an open guilty plea to a separate charge of theft by unlawful taking and defiant trespass.[3]  The trial court sentenced Vanderpool to an additional 12 to 36 months' incarceration to run consecutively to his June 1, 2017 guilty plea sentence.  Vanderpool filed a timely post-sentence motion for reconsideration of sentence,[4] which the trial court denied on August 11, 2017.

Vanderpool timely appealed, and both he and the trial court have complied with Pa.R.A.P. 1925.[5]  On appeal, Vanderpool raises one issue for

---

[1] 18 Pa.C.S.A. § 3901 and 18 Pa.C.S.A. § 3503(b), respectively.

[2] ***.Anders v. California***, 368 U.S. 738 (1967).

[3] On September 9, 2017, this Court consolidated these matters *sua sponte* pursuant to Pa.R.A.P. 513.

[4] Vanderpool entered open guilty pleas, and thus, he did not waive his right to file a motion for reconsideration of sentence.  **See Commonwealth v. Coles**, 530 A.2d 453, 457 (Pa. Super. 1983) (where plea agreement is open one, as opposed to one for negotiated sentence, defendant can properly request reconsideration of sentence after sentencing, as court alone decides sentence, and no bargain for stated term, agreed upon by defendant and prosecution, is involved).

our review: "Was the sentence imposed . . . excessive in light of [Vanderpool's] circumstances, particularly with regard to [his] treatment and rehabilitative needs?" *Anders* Brief, at 3.

Preliminarily, we address counsel's motion to withdraw. To obtain permission to withdraw, counsel must file an *Anders* brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel reasonably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statuses on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361. Counsel must provide the appellant with a copy of the *Anders* brief along with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007). Substantial compliance with these requirements is sufficient.

---

[5] Vanderpool's counsel initially filed an *Anders* brief that did not fully comply with the dictates of *Anders* and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Consequently, on May 2, 2018, we remanded this case with instructions for counsel to file a compliant motion to withdraw together with an *Anders* brief or an advocate's brief on behalf of Vanderpool. On June 20, 2018, counsel filed a petition to withdraw and an *Anders* brief. Having retained jurisdiction, we now revisit Vanderpool's appeal.

*Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa. Super. 2006).

Here, our review of the record reveals counsel has complied with the requirements for withdrawal outlined in *Anders*, and its progeny. Notably, counsel has completed the following: (1) he filed a petition for leave to withdraw, in which he states he has made a conscientious examination of the record and concludes Vanderpool's appeal is wholly frivolous; (2) he filed an *Anders* brief pursuant to the dictates of *Santiago*; (3) he furnished a copy of the *Anders* brief to Vanderpool; and (4) he advised Vanderpool of his right to retain new counsel or proceed *pro se*. *Commonwealth v. Catrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc). Therefore, we "proceed to an independent evaluation of the record in order to determine the accuracy of counsel's averment that the instant appeal is frivolous." *Palm*, 903 A.2d at 1246.

Vanderpool baldly asserts that his sentence was excessive and that the sentencing court did not consider his circumstances. Specifically, Vanderpool argues that the sentencing court ignored the deteriorating health condition of his ailing mother, whom he wished to care for.

Our standard of review in discretionary aspects of sentencing claims is well settled:

The proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

**Commonwealth v. Moury**, 992 A.2d 162, 169-70 (Pa. Super. 2010) (brackets omitted), quoting **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Id.** at 170. Prior to reaching the merits of a discretionary sentencing issue,

[this Court conducts] a four part analysis to determine: (1) whether appellant has filed at timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2219(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Id.** (citation omitted).

If the sentence imposed falls within the sentencing guidelines, no substantial question exists as to whether the sentence is appropriate under the Sentencing Code.[6] ***Commonwealth v. Maneval***, 688 A.2d 1198 (Pa. Super. 1997). Furthermore, a sentencing court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question as to the appropriateness of sentence, for purposes of determining whether discretionary aspects of sentence may be appealed. ***Moury***, 992 A.2d at 171.

An allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for review on appeal. ***Commonwealth v. Rhoades***, 8 A.3d 912, 918 (Pa. Super. 2010). Where the sentencing court had the benefit of a pre-sentence investigation report, we may assume that the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. ***Id.*** at 919.

Instantly, Vanderpool's aggregate sentence of 24 to 60 months' imprisonment was the minimum the trial court could impose and falls within the sentencing guidelines. That his two sentences run consecutive to one another is inconsequential. ***Moury***, ***supra***. Furthermore, the record belies Vanderpool's assertion that the trial court did not consider his circumstances; the trial court had the benefit of a PSI. ***Rhoades***, ***supra***. Therefore, we find

---

[6] 42 Pa.C.S.A. §§ 9701-9799.75.

Vanderpool has not raised a substantial question permitting us to review his discretionary aspects of sentence claim. Accordingly, we affirm Vanderpool's judgment of sentence and we grant counsel's motion for withdrawal. *See Commonwealth v. Ladamus*, 896 A.2d 592, 596 (Pa. Super. 2006) (since defendant failed to raise substantial question that sentence was excessive as to permit appellate review of discretionary aspects of sentence, review of merits of challenge to discretionary aspects of sentence was unwarranted and defense counsel would be permitted to withdraw).

Judgment of sentence affirmed. Motion for withdrawal granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2018