J-S13029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DONNELL RHODES, JR. | : | |
| | : | |
| Appellant | : | No. 1115 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 3, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004735-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DONNELL L. RHODES, JR. | : | |
| | : | |
| Appellant | : | No. 1116 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 3, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004846-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DONNELL RHODES, JR. | : | |
| | : | |
| Appellant | : | No. 1117 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 3, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004847-2018

BEFORE:   STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:        **FILED: MAY 18, 2020**

In this consolidated appeal,[1] Appellant Donnell Rhodes, Jr., appeals from the Judgments of Sentence imposed on June 3, 2019, after he entered guilty pleas at three different docket numbers to charges of armed Robbery, Conspiracy, and other offenses.  He challenges the discretionary aspects of his sentence.  After careful review, we affirm.

We summarize the underlying facts, gleaned from the Trial Court's Pa.R.A.P. Opinion and the certified record, as follows.  In July 2018, Appellant committed three armed robberies in the City of Harrisburg.[2] On April 22, 2019, Appellant entered guilty pleas:[3] specifically, at docket number 4847 CR 2018,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court *sua sponte* consolidated Appellant's three appeals on July 31, 2019.

[2] On July 4, 2018, Appellant and two others entered a store and while he pointed a gun at the clerk's head, the other individuals grabbed cigarettes from the store.  On July 6, 2018, Appellant entered a food market, pointed a gun at the woman behind the counter, jumped over the counter, threw the woman to the ground, and stood on her.  When Appellant noticed a camera, he broke it.  On July 8, 2018, while driving a stolen car, Appellant got out of the car while wearing a mask, pointed a gun at a man who was assisting an injured bird, took his cell phone, ordered him to his knees and patted him down.  When police officers arrested him a short time later, he had the stolen phone, keys to the stolen car, a pellet gun, and toy AR-15 guns in the car. Appellant was 17 years old at the time of the crimes.

[3] In September 2018, Appellant had filed a Petition to decertify the cases for transfer to juvenile court but withdrew his Petition on April 22, 2019, when he entered his guilty pleas.

he pleaded guilty to one count each of Robbery and Criminal Conspiracy (July 4th incident);[4] at number 4846 CR 2018, he pleaded guilty to one count each of Robbery and Criminal Conspiracy (July 6th incident);[5] and at number 4735 CR 2018, Appellant pleaded guilty to Robbery, Receiving Stolen Property, Unlawful Possession of an Instrument of Crime, and Simple Assault (July 8th incident).[6]

On June 3, 2019, the Court held a sentencing hearing, and imposed an aggregate sentence of 5 to 10 years' incarceration, as follows:

> at docket no. 4847, Appellant received identical terms of 3 to 6 years' incarceration for the Robbery and Conspiracy convictions, to be served concurrently;
>
> at docket no. 4846, Appellant received 2 to 4 years' incarceration for Robbery, to be served consecutive to the sentences imposed at 4847; and 2 to 4 years' incarceration for Conspiracy, to be served concurrently with the Robbery sentence; and
>
> at docket no. 4735, the court imposed 4 to 8 years' incarceration for the Robbery, and 6 to 12 months' for Receiving Stolen Property, each to be served concurrently with the sentences imposed at 4846 and 4847. In addition, the court ordered credit for time served, and imposed no further penalty for the Possession of an Instrument of Crime and Simple Assault.

---

[4] 18 Pa.C.S. § 3701(a)(1)(ii) and 18 Pa.C.S. § 903, respectively.

[5] 18 Pa.C.S. § 3701(a)(1)(ii) and 18 Pa.C.S. § 903, respectively.

[6] 18 Pa.C.S. § 3701(a)(1)(ii); 18 Pa.C.S. § 3925(a); 18 Pa.C.S. § 907(a); 18 Pa.C.S. § 3701(a)(3), respectively.

Sentencing Order, 6/3/19.[7]

On June 13, 2019, Appellant filed a Motion to Modify Sentence at all three dockets, contending the court did not appropriately consider mitigating factors before imposing the sentences. The court denied the Motion at each docket on July 1, 2019.

Appellant timely appealed.[8] Although the trial court did not order a Pa.R.A.P. 1925(b) Statement, it filed a Pa.R.A.P. 1925(a) Opinion, addressing its denial of Appellant's Motions to Modify Sentence.

Appellant raises the following question for our review:

> Was the imposition of an aggregate sentence of 5 years to 10 years clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Appellant's] rehabilitative needs?

Appellant's Br. at 7.

Appellant's issue presents a challenge to the discretionary aspects of his sentences. A challenge to discretionary aspects of a sentence is not

---

[7] The trial court notes that the individual sentences imposed at 4847 and 4846, are either within or below the mitigated ranges of the Sentencing Guidelines; and the sentence at 4735 is within the standard range of the Guidelines. Trial Ct. Opinion, dated Aug. 6, 2019, at 4-5.

[8] Relevant to this appeal, where a defendant files a timely post-sentence motion, the notice of appeal from the judgment of sentence shall be filed within 30 days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2); **Commonwealth v. Dreves**, 839 A.2d 1122, 1126 (Pa. Super. 2003). Appellant here filed a timely Post-Sentence Motion, which the court denied on July 1, 2019. Appellant filed his Notice of Appeal on July 10, 2019; this Appeal was, thus, timely filed.

reviewable as a matter of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.***; ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

Here, Appellant timely appealed, challenged the discretionary aspects of his sentence in a Post-Sentence Motion,[9] and included a Rule 2119(f) Statement, essentially contending that the sentence is contrary to the fundamental norms underlying the sentencing scheme and inconsistent with the protection of the public. ***See*** Appellant's Brief at 14-15. We, thus, now consider whether he has raised a substantial question.

---

[9] In his Post-Sentence Motion, Appellant averred that the court inadequately considered various mitigating factors before imposing sentence. He did not specifically challenge the sentencing court's imposition of consecutive sentences, thus Appellant has waived the argument that the imposition of consecutive, as opposed to concurrent sentences, was "so manifestly excessive as to constitute an abuse of discretion." Appellant's Br. at 19. ***See*** Pa.R.A.P. 302(a) (the failure to raise an issue before the trial court results in waiver).

Whether a substantial question has been raised is determined on a case-by-case basis. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." **Id.** (citation and quotation omitted).

Generally, where a sentence "falls within the sentencing guidelines, no substantial question exists." **Commonwealth v. Maneval**, 688 A.2d 1198, 1199-1200 (Pa. Super. 1997).

Here, Appellant acknowledges that he received sentences that fell within the guidelines.[10] He nonetheless avers that the trial court failed to adequately consider various mitigating factors. **See** Appellant's Br. at 20-21 (contending court failed to consider Appellant's age, his mental health, the abuse and neglect he suffered as a child in his mother's custody and subsequently in foster care, and the juvenile probation department's recommendation, made three months prior to the commission of the instant crimes, that Appellant be released to the custody of his father rather than placed in a secure facility for rehabilitation).

_____

[10] Appellant does not include in his Brief a recitation of what the guidelines provided, nor does he acknowledge the trial court's observation in its Rule 1925(a) Opinion that his sentences fell either within or below the mitigated ranges in two dockets, and within the standard range in the third docket.

- 6 -

It is clear from our precedent that Appellant has failed to raise a substantial question. **See, e.g., Commonwealth v. Griffin**, 65 A.3d 932, 936-37 (Pa. Super. 2013) (claim that the trial court failed to consider defendant's rehabilitative needs in imposing standard-range sentences did not raise a substantial question); **Commonwealth v. Mobley**, 581 A.2d 949, 952 (Pa. Super. 1990) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines). **See also Commonwealth v. Miklos**, 159 A.3d 962, 970 (Pa. Super. 2017) (holding that an argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review); **Commonwealth v. Williams**, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).

Because Appellant has not raised a substantial question, he has not invoked our jurisdiction. We, thus, decline to address the merits of his appeal, and we affirm the Judgments of Sentence.

Judgments of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/18/2020