J-S16004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS FIGUEROA | : | |
| | : | |
| Appellant | : | No. 3440 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 23, 2016
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001440-2016

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 22, 2020**

Appellant, Luis Figueroa, appeals from the Judgment of Sentence entered on May 23, 2016, following his open guilty plea to three counts of Delivery of a Controlled Substance and one count of Possession with Intent to Deliver ("PWID") a Controlled Substance.[1] Appointed counsel, Stuart Wilder, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the Judgment of Sentence and grant counsel's Application to Withdraw as Counsel.

In December 2014, the federal Drug Enforcement Administration ("DEA"), with the assistance of local law enforcement from Philadelphia and Bucks Counties, began an investigation into the distribution of narcotics by Appellant. N.T. Plea and Sentencing, 5/23/16, at 7. Using a confidential

_____

[1] 35 P.S. § 780-113(a)(30).

informant, authorities conducted controlled purchases of narcotics from Appellant on the following dates: December 22, 2014 (17.5 grams of fentanyl); January 13, 2015 (19.7 grams of heroin); and January 29, 2015 (9.6 grams of heroin). *Id.* at 7-12. On February 5, 2015, authorities arrested Appellant outside his residence while in possession of 19.5 grams of heroin. *Id.* at 14.[2]

Appellant waived his *Miranda*[3] rights, admitted that he was a heroin dealer, and initially agreed to cooperate with law enforcement. *Id.* at 14-16. However, Appellant fled, and it was some time before law enforcement located him and returned him to custody. *Id.* at 16.

In May 2016, Appellant pleaded guilty to the charges listed above. While imposing sentence upon Appellant, the plea court balanced mitigating evidence—including a lack of education, physical ailments[4], and drug addiction—against Appellant's lengthy criminal history and the need to protect the public. N.T. Plea and Sentencing at 26-28. The court sentenced Appellant to three consecutive terms of two to four years of incarceration, for an aggregate of six to twelve years, followed by five years of probation. *Id.* at 28-30.

---

[2] The factual predicate for charges against Appellant also included surveillance evidence demonstrating that Appellant regularly engaged in narcotics transactions. *See id.* at 7-15.

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[4] Appellant requires a liver transplant. N.T. Plea and Sentencing at 22, 26.

Appellant timely filed a post-sentence Motion, asking the court to reconsider its sentence. In his Motion, Appellant baldly claimed that his sentence exceeded what was necessary to protect the public and provide for his rehabilitation. **See** Motion to Modify and Reconsider Sentence, 5/24/16, at 2.

In September 2016, at a hearing on his Motion, Appellant further asserted that his several Delivery charges should merge for sentencing purposes. N.T. Reconsideration Hearing, 9/19/16, at 5-8. The court rejected Appellant's merger argument and denied his Motion. **Id.** at 10.

Appellant did not file a direct appeal. Following several years of post-conviction proceedings, the PCRA[5] court reinstated Appellant's direct appeal rights *nunc pro tunc*. Order, 11/25/19; N.T. PCRA, 11/20/19, at 11.

Appellant timely appealed. In lieu of a court-ordered Pa.R.A.P. 1925(b) statement, Appellant's appointed counsel filed notice of his intention to file an **Anders** Brief with this Court. **See** Pa.R.A.P. 1925(c)(4). In response, the court indicated that it would not file an Opinion. Order, 12/17/19.

In this Court, counsel has filed an **Anders** Brief challenging discretionary aspects of Appellant's sentence. **Anders** Br. at 3, 13-17. In addition, counsel has filed an Application to Withdraw as Counsel.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's

---

[5] **See** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

- 3 -

request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), namely:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In addition, counsel must provide a copy of the **Anders** brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.'" **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007).

Counsel has complied with the requirements of **Anders** as articulated in **Santiago** and supplied Appellant with a copy of his **Anders** Brief and a letter explaining the rights enumerated in **Nischan**. **See** Application to Withdraw,

- 4 -

Exh. A, (Letter, dated January 25, 2020).[6] Accordingly, counsel has complied with the technical requirements for withdrawal.[7]

Having addressed counsel's technical compliance with **Anders**, we will address the substantive issue raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Appellant asserts that the plea court imposed an unreasonable sentence outside the sentencing guidelines. **See Anders** Br. at 14-15. (Appellant's Pa.R.A.P. 2119(f) Statement). This claim challenges discretionary aspects of his sentence.

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon

---

[6] In addition, counsel has certified to this Court that he provided Appellant copies of these documents translated into Spanish. Certificate of Service, 3/11/20.

[7] Appellant has offered no response to counsel's **Anders** Brief.

- 5 -

for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Id.*; *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed. Further, Appellant sufficiently preserved his claim in a post-sentence Motion asserting that his sentence was excessive. Within his brief, Appellant has included a concise statement pursuant to Rule 2119(f) further explaining that his sentence is excessive because the court unreasonably sentenced him outside the sentencing guidelines. Thus, we proceed to address whether Appellant presents a substantial question.

Whether a substantial question has been raised is determined on a case-by-case basis. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." *Id.* (citation and quotation omitted).

Generally, "[a] claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a 'substantial question' for our review." *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001) (citations omitted); *see* 42 Pa.C.S. § 9781(c)(3) (providing that we shall vacate an unreasonable sentence falling outside the guidelines). Conversely, however, "if the sentence imposed falls within the sentencing

guidelines, no substantial question exists." ***Commonwealth v. Maneval***, 688 A.2d 1198, 1199-1200 (Pa. Super. 1997).

The sentencing transcript in this case clearly refutes Appellant's assertion that his sentence falls outside the sentencing guidelines. On each of Appellant's four counts, the court imposed sentences falling in the mitigated or standard range. N.T. Plea and Sentencing at 5, 28-30.[8]

Appellant does not present a colorable argument that the sentencing judge's actions were inconsistent with the Sentencing Code or contrary to the fundamental norms that underlie the sentencing process. ***Moury***, 992 A.2d at 170; ***Maneval***, 688 A.2d at 1199-1200. Therefore, Appellant has not raised a substantial question and, thus, has not invoked this Court's jurisdiction to review the sentencing court's discretion. ***Leatherby***, 116 A.3d at 83.

Following our review of the issue raised by Appellant in counsel's ***Anders*** Brief, we agree with counsel and conclude that this Appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration.

_____

[8] Regarding Counts One, Two, and Four, the sentencing guidelines suggested a standard range from twenty-seven to thirty-three months' incarceration. N.T. Plea and Sentencing at 5. The court sentenced Appellant to a minimum twenty-four months on Counts One and Two, thus imposing mitigated range sentences. ***Id.*** at 28-29. On Count Four, the court imposed probation. ***Id.*** at 29. Regarding Count Three, the guidelines suggested a standard range from twenty-four to thirty months' incarceration. ***Id.*** at 5. The court sentenced Appellant to a minimum twenty-four months, thus imposing a standard range sentence. ***Id.*** at 29.

***See Dempster***, ***supra*** at 272.  Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Application to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/20