688 A.2d 1198

**COMMONWEALTH of Pennsylvania**

v.

**Elwood Leroy MANEVAL, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 15, 1996.

Filed Jan. 15, 1997.

484

Paul R. Wagner, Harrisburg, for appellant.

Patrick T. Barry, Assistant District Attorney, Middleburg, for the Commonwealth, appellee.

Before JOHNSON, HUDOCK and BROSKY, JJ.

JOHNSON, Judge:

Elwood Leroy Maneval, Jr. appeals from the judgment of sentence imposed following his conviction for arson and burglary. We hold that Maneval has not raised a substantial question regarding the appropriateness of his sentence, thus we deny allowance of his appeal.

On May 29, 1996, Maneval entered a plea of guilty to charges of arson and burglary. These charges resulted from an incident that occurred on July 31, 1994. As part of his plea agreement, the Commonwealth agreed to seek a sentence of one to ten years' imprisonment on the arson charge. The Commonwealth also agreed not to seek any additional sentence for the burglary charge. The sentencing court rejected Maneval's plea agreement and sentenced him to a term of two to ten years' imprisonment on the arson charge. No further sentence was imposed on the burglary charge.

The sentencing guidelines that were in effect on the date of the incident provided a standard minimum range of twenty-four to forty-eight months' imprisonment. Docket Entry No. 19, Sentencing Guideline Form, attached to Pre–Sentence Investigation Report. The amended guidelines that went into effect twelve days after Maneval committed this offense provided a standard minimum range of six to eighteen months' imprisonment. Trial Court Opinion, July 16, 1996, at 2. On appeal, Maneval argues that the trial court abused its discretion by refusing to consider the amended guidelines in imposing his sentence.

Maneval is challenging the discretionary aspects of his sentence, not the legality of the sentence. Our threshold inquiry, therefore, is whether he has raised a substantial question as to whether his sentence is appropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b); *Commonwealth v. Cruz–Centeno*, 447 Pa.Super. 98, 117, 668 A.2d 536, 545 (1995), *appeal denied* 544 Pa. 653, 676 A.2d 1195 (1996). Failure to raise a substantial question bars appellate review of the sentence. *See Cruz–Centeno, supra,* at 117–18, 668 A.2d at 545.

We note initially that Maneval has not included in his brief a concise statement of his reasons relied upon for allowance of appeal, as required by Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). The Commonwealth, however, has failed to object to this omission. When the Commonwealth does not object to

the omission of a Rule 2119(f) statement, this Court can overlook the omission if the presence or absence of a substantial question can be easily determined from the appellant's brief. *See Commonwealth v. Saranchak,* 544 Pa. 158, 177 n. 18, 675 A.2d 268, 277 n. 18 (1996).

From our reading of the brief we can easily determine that no substantial question exists. Accordingly, we will overlook this procedural defect and discuss the reasons for our conclusion.

The existence of a substantial question is determined on a case by case basis. *Commonwealth v. Minott,* 395 Pa.Super. 552, 556, 577 A.2d 928, 929 (1990). Certain trends have developed in our case law, however, regarding when we will consider a question to be substantial. Generally, if the sentence imposed falls within the sentencing guidelines, no substantial question exists. *See Commonwealth v. Johnson,* 446 Pa.Super. 192, 197, 666 A.2d 690, 692 (1995). However, we will review a challenge to the discretionary aspects of a sentence if "a colorable argument is made that the actions of the sentencing court were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Groft,* 424 Pa.Super. 510, 520, 623 A.2d 341, 347 (1993). Furthermore, the applicable guidelines are those in effect at the time that the offense was committed. *See Commonwealth v. Widmer,* 446 Pa.Super. 408, 423 n. 5, 667 A.2d 215, 224 n. 5 (1995), *alloc. granted* 545 Pa. 652, 680 A.2d 1161 (1996).

Maneval alleges that his sentence was contrary to the fundamental norms of the Sentencing Code because the trial court applied the guidelines that were in effect at the time that he committed this offense, rather than the guidelines that went into effect 12 days after he committed this crime. This argument is patently meritless. Maneval has not explained to us why the Sentencing Code is compromised when a court applies the law that governed at the time that the offense was committed. We conclude that the sentencing court did not err

by applying the law that was in effect when this offense was committed. *See id.* Accordingly, we hold that Maneval has not raised a substantial question regarding the appropriateness of his sentence.

Appeal **DISALLOWED.**