J. S69022/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
CHELLY LONG, : No. 3465 EDA 2013
:
Appellant :


Appeal from the Judgment of Sentence, October 31, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0002936-2011


BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JANUARY 16, 2015**

Chelly Long appeals from the judgment of sentence entered on October 31, 2013, following the second revocation of probation related to her June 28, 2011 negotiated guilty plea to the charge of retail theft, a third degree felony. We affirm.

Appellant was arrested on January 17, 2011, after she stole a jacket valued at $1,250 from the Barash Fur and Leather Store in Philadelphia. She entered a negotiated guilty plea in Mental Health Court[1] and was sentenced to 3 to 23 months' incarceration. She was paroled to a treatment facility; but less than three weeks later, she left the program without

---

[1] Mental Health Court seeks to identify defendants who are prepared to accept a higher level of supervision in exchange for placement in an approved treatment facility outside of jail. On April 27, 2011, a psychological evaluation was conducted, and appellant was deemed eligible.

authorization. On October 27, 2011, the trial court found appellant to be in technical violation of her parole; she was sentenced to back time, plus two years of reporting probation.

After appellant was paroled a second time, she entered another treatment facility, but again absconded from the program on May 30, 2012. She was detained a year later after incurring another arrest for retail theft; this charge was withdrawn on July 11, 2013. Following a hearing on October 31, 2013, the trial court revoked appellant's probation and imposed a sentence of 18 to 36 months' incarceration. On November 12, 2013, appellant filed a timely petition for reconsideration of her sentence.[2] (Docket #7.) The petition was denied without a hearing on November 26, 2013. Appellant filed a timely notice of appeal on December 2, 2013,[3] and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. The trial court has filed an opinion.

In this appeal, appellant challenges the discretionary aspects of her sentence after probation revocation. Preliminarily, we note that the imposition of sentence following the revocation of probation "is vested within

---

[2] The 10-day period to file this motion was extended one day because the 10th day fell on Sunday, November 11, 2013. Pa.R.A.P., Rule 903(a), 42 Pa.C.S.A.; 1 Pa.C.S.A. § 1908.

[3] The 30-day appeal period is extended two days because the 30th day fell on Saturday, November 30, 2013. Pa.R.A.P., Rule 903(a), 42 Pa.C.S.A.; 1 Pa.C.S.A. § 1908.

the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Smith***, 669 A.2d 1008, 1011 (Pa.Super. 1996). Moreover, upon revocation of probation, "a court possesses the same sentencing alternatives that it had at the time of initial sentencing." ***Id.*** (citation omitted).

Where an appellant challenges the discretionary aspects of sentence, there is no automatic right to appeal; rather, appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. §9781. ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257 (Pa.Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013) (citations omitted).

Here, appellant preserved her claim in her motion for reconsideration,[4] and filed a timely notice of appeal. Appellant has included in her brief a concise statement pursuant to Pa.R.A.P. 2119(f). Thus, we proceed to determine whether appellant has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. ***Commonwealth v. Maneval***, 688 A.2d 1198, 1199-1200 (Pa.Super. 1997). In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. ***Id.***

In her Rule 2119(f) statement, appellant argues that her sentence was manifestly excessive and argues the trial court "failed to carefully consider the factors set forth in section 9721(b) and 9771(c)." (Appellant's brief at 12.) Specifically, she avers the trial court did not give adequate consideration to her rehabilitative needs presented at sentencing, she does not pose any threat to public safety, and the "incarcerative [sic] sentence" was unnecessary to vindicate the authority of the court. (***Id.*** at 12-13.)

Initially, we are aware that the sentencing guidelines do not apply to VOP sentences; however, we note that appellant's sentence would fall within

---

[4] Appellant also presented the issue in her court-ordered Pa.R.A.P. 1925(b) statement.

the standard range of the sentencing guidelines.[5] *Maneval,* 688 A.2d at 1199-1200 ("Generally, if the sentence imposed falls within the sentencing guidelines, no substantial question exists."), citing *Commonwealth v. Johnson*, 666 A.2d 690, 692 (Pa.Super. 1995). It is well settled that bald allegations of excessiveness will not suffice to grant merits review. Additionally, this court has determined an allegation that the sentencing court "failed to consider" or "did not adequately consider" various factors does not raise a substantial question that the sentence was inappropriate. *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa.Super. 2013), quoting *Commonwealth v. Dunphy*, 20 A.3d 1215, 1222 (Pa.Super. 2011). As such, we find that appellant did not raise a substantial question on this claim; however, assuming, *arguendo*, that he had and we were to reach the merits of this issue, for the reasons set forth below, we would find the sentencing court did not abuse its discretion.

At the hearing, the court heard testimony as to appellant's failure to cooperate with court-mandated treatment services. The court, who was familiar with appellant's history and rehabilitative needs as it had ordered numerous mental health evaluations and had previously revoked probation for this exact behavior, noted that appellant has a history of non-compliance with treatment programs. (Notes of testimony, 10/31/13.) Our review of

---

[5] Retail theft, graded as a felony of the third degree, calls for a maximum penalty of seven years in prison.

the sentencing transcript reveals that court ordered appellant to receive treatment for her medical and mental health needs. (*Id.* at 17.) Thus, no relief is due.

Appellant also claims that the court failed to comply with Section 9771(c) of the Sentencing Code. This court has held that a trial court's failure to comply with Section 9771(c) raises a substantial question. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa.Super. 2006).

Section 9771(c) provides:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1)  the defendant has been convicted of another crime; or
>
> (2)  the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)  such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Despite appellant's argument to the contrary, we find the record to be replete with support for the finding that the sentence imposed was proper. Immediately before imposing sentence, the court noted that this was appellant's second violation of probation. (Notes of testimony, 10/31/13 at 15.)

> As I reviewed the file and the history, it is clear that there [were] numerous opportunities given to [appellant] to participate in treatment to stop the

> drugs.  She left several programs.  She didn't appear in court.  She just had a history of non-compliance and that coupled with the number of aliases -- I just think generally the conduct that she has been displaying, it is clear that I would say a sentence of probation will not serve the purpose.

*Id.* at 15-16 (*see also* trial court opinion, 3/28/14 at 4).  Thus, the court found the sentence necessary to vindicate the court's authority and because appellant's behavior indicated a likelihood to commit future offenses.  Even if appellant's violations were only technical in nature, appellant has demonstrated an inability to reform under the supervision of probation.  *See Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa.Super. 2007) (concluding "technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform.").  Based on these considerations, we find the court complied with Section 9771(c) when it sentenced appellant to total confinement following the revocation of probation, and as such, did not abuse its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015