J-S34041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AIMEE BETH HILBISH | |
| Appellant | No. 1830 MDA 2015 |

Appeal from the Judgment of Sentence September 3, 2015
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000010-2015

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:                    **FILED MAY 24, 2016**

Appellant Aimee Beth Hilbish appeals from the judgment of sentence entered in the Perry County Court of Common Pleas following her guilty plea to driving under the influence of a controlled substance ("DUI").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On July 13, 2015, Appellant pleaded guilty to DUI.  On September 3, 2015, the court sentenced Appellant to one (1) to five (5) years' incarceration in a state correctional institution.  The court ordered Appellant to pay the costs of prosecution and a $2,500.00 fine.  The court also imposed eighteen (18) months of license suspension and twelve (12) months of ignition interlock and found Appellant eligible for Recidivism Risk Reduction Incentive

_____

[1] 75 Pa.C.S. § 3802(d)(2).

("RRRI"). On September 9, 2015, Appellant filed a post-sentence motion, which the court denied on October 2, 2015.

On October 16, 2015, Appellant filed a notice of appeal. On October 19, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-five (25) days. On December 7, 2015, Appellant filed a motion for leave to file a Pa.R.A.P. 1925(b) concise statement and a concise statement. The court granted Appellant's motion on December 11, 2015.

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION IN SENTENCING [APPELLANT] TO A ONE YEAR, MAXIMUM FIVE YEAR STATE CORRECTIONAL INSTITUTION SENTENCE?

Appellant's Brief at 6.

Appellant argues the court abused its discretion by imposing a harsh sentence at a state correctional institution when it should have allowed her to serve a local sentence in Cumberland County Prison or sentenced her under the local county intermediate punishment program ("IPP"). Appellant challenges the discretionary aspects of her sentence. [2]

---

[2] Because this was Appellant's third DUI offense for sentencing purposes, Appellant was required to "undergo imprisonment of not less than one year." 75 Pa.C.S. § 3804(c)(3)(i). The court's imposition of Appellant's maximum sentence of five (5) years' incarceration in a state facility was within the court's discretion. *See **Commonwealth v. Brown**, 982 A.2d 1017, 1019*
*(Footnote Continued Next Page)*

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

"[C]laims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing party objects to the statement's absence." *Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa.Super.2009); *see also Commonwealth v. Karns*, 50 A.3d 158 (Pa.Super.2012) ("If a defendant fails to include an issue in his Rule 2119(f) statement, and the

*(Footnote Continued)* ────────────────

(Pa.Super.2009)("Defendants sentenced to maximum terms of less than two years are committed to county facilities while defendants with maximum terms of two years or more are normally housed in state facilities."); *see also Commonwealth v. Williams*, 941 A.2d 14, 24 (Pa.Super.2008) (Where Appellant is a qualified "eligible offender" and program is a qualified county IPP program, "the grant or denial of a defendant's request for IPP is largely within the sound discretion of the trial court.").

Commonwealth objects, then the issue is waived and this Court may not review the claim.").

Instantly, Appellant preserved her issue in a timely post-sentence motion and filed a timely notice of appeal. Appellant, however, failed to include in her brief a Pa.R.A.P. 2119(f) statement, and the Commonwealth objected to this omission. Further, Appellant fails to raise a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *See Commonwealth v. Maneval*, 688 A.2d 1198, 1199-200 (Pa.Super.1997) ("Generally, if the sentence imposed falls within the sentencing guidelines, no substantial question exists."). Thus, Appellant has failed to invoke this Court's jurisdiction. *See Allen, supra.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016