J. S21039/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :        PENNSYLVANIA
                        v.     :
                               :
WILLIAM JONES,                 :        No. 1495 EDA 2018
                               :
                   Appellant   :


Appeal from the Judgment of Sentence, September 21, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006579-2014


BEFORE:  STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED MAY 31, 2019**

William Jones appeals from the September 21, 2015 judgment of sentence entered in the Court of Common Pleas of Philadelphia County after he entered open guilty pleas to possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm on public streets or property in Philadelphia. The trial court imposed a sentence of 5 to 10 years of incarceration for possession of a firearm by a prohibited person, followed by consecutive probationary terms of 7 years for carrying a firearm without a license and 5 years for carrying a firearm on public streets in Philadelphia. We affirm.

The trial court set forth the following factual history:

> On May 21, 2014, [appellant] was arrested on the 1600 block of South 54th Street in the city and county of Philadelphia, after Philadelphia Police Officers

stopped a vehicle traveling on the 1600 block of South 54th Street. Officers took everyone out of the vehicle and searched both them and the car. Upon search of [appellant's] person, officers found an empty firearm holster. Officers checked the floor of the vehicle and found a .45 caliber pistol with brown wood grip, loaded with eight (8) live rounds in the magazine, and one live round in the chamber, in the front of the seat where [appellant] was sitting. Several of the other men in the vehicle were also armed. [Appellant] was arrested and charged with one (1) count Violation of the Uniform Firearm Act ("VUFA") – Possession of a Firearm by Persons Prohibited, 18 Pa. C.S.A. § 6105; one (1) count VUFA – Firearm Not to Be Carried Without a License, 18 Pa. C.S.A. § 6106; and one (1) count VUFA – Carrying Firearms on Public Streets or Public Property in Philadelphia, 18 Pa. C.S.A. § 6108.

Trial court opinion, 7/19/18 at 1-2 (citations to record omitted).

The trial court set forth the following procedural history:

On September 29, 2015, [appellant] filed a timely Motion for Reconsideration of Sentence. On March 3, 2016, the motion to reconsider was heard and then continued without a ruling.[1] [Appellant] filed a **pro se** petition pursuant to the Post Conviction Relief Act ("PCRA")[2] on March 6, 2017. Counsel was appointed on March 16, 2017. On August 27, 2017, counsel filed an amended PCRA petition. On May 14, 2018, this Court granted [appellant's] motion to re-instate his appellate rights. On May 18, 2018, [appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania. On May 31, 2018, this Court issued an Order directing [a]ppellant to file a Concise Statement of [Errors] Complained of on Appeal

---

[1] We note that the motion would have been deemed denied by operation of law on July 1, 2016. **See** Pa.R.Crim.P. 720 (deeming a post-sentence motion denied where trial court fails to decide the motion within 120 days or grant an extension).

[2] 42 Pa.C.S.A. §§ 9541-9546.

> pursuant to Pa.R.A.P. 1925(b). On June 15, 2018, [appellant] filed a Concise Statement.

*Id.* at 2-3. Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> With respect to the sentence imposed upon [a]ppellant by the lower court, did that court abuse its discretion by imposing an aggregate sentence of not less than 5, nor more than 10 years of incarceration followed by 12 years of probation?

Appellant's brief at 5.

Appellant challenges the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted; brackets in original).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted; brackets in original).

Here, appellant filed a timely notice of appeal, and appellant's brief includes a Rule 2119(f) statement. Appellant also filed a timely motion to reconsider sentence which preserved the following issue:

It is believed and averred the sentence imposed was unfairly and unreasonably severe upon consideration of [appellant's] entering a non-negotiated guilty plea to all charges, and the characteristics of [appellant]. [Appellant] pled guilty and accepted responsibility for the crimes alleged against him. His actions saved the Court and the Commonwealth both time and resources.

Appellant's "motion to reconsider sentence pursuant to Pa.R.Crim.P. 720," 9/29/15 at 2. In his brief to this court, however, appellant attempts to advance the following three discretionary sentencing challenges: (1) the

sentencing court abused its discretion because it "indicated that the sentence given [a]ppellant was in the bottom of the mitigated portion of the guidelines" but was within the standard range; (2) "the sentencing court did not adequately set forth its reasons on the record for [a]ppellant's sentence"; and (3) the sentence imposed was "clearly unreasonable and excessive" because it "shows a lack of any mitigation." (Appellant's brief at 13-14.) Because appellant failed to preserve his first and second challenges in his motion for reconsideration, appellant fails to invoke our jurisdiction to entertain those challenges. We must now determine whether appellant's third complaint raises a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003) (citation omitted). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra***, 752 A.2d at 912-13. "Generally, if the sentence imposed falls within the sentencing guidelines, no substantial question exists." ***Commonwealth v. Maneval***, 688 A.2d 1198, 1199-2000 (Pa.Super. 1997) (citation omitted).

Here, appellant received a standard range sentence but complains that his sentence was excessive because the trial court failed to consider mitigating

factors; specifically, appellant's acceptance of responsibility as demonstrated by his guilty plea, appellant's difficult upbringing, and the fact that appellant "was active in prison trying to do positive things to better himself." (Appellant's brief at 14-15.) Appellant fails to explain how his sentence was inconsistent with a specific provision of the Sentencing Code or how his sentence was contrary to the fundamental norms underlying the sentencing process. Therefore, appellant has failed to raise a substantial question.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/19

---

[3] We note that notwithstanding appellant's failure to raise a substantial question for our review, the record belies appellant's claims. At the sentencing hearing, appellant's counsel requested leniency in light of appellant's guilty plea. (Notes of testimony, 9/21/15 at 5-8.) Appellant's counsel also informed the trial court of the positive strides appellant has made while in prison, as did appellant. (*Id.* at 7-8. 16.) Additionally, appellant's grandmother testified as to appellant's difficult upbringing. (*Id.* at 8-9.)