J. S31043/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LANCE MITCHELL RILEY, | : | No. 1974 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered October 2, 2019,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0001711-2018

BEFORE: BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED NOVEMBER 10, 2020**

Lance Mitchell Riley appeals the October 2, 2019 judgment of sentence, entered in the Court of Common Pleas of Franklin County, after a jury convicted him of theft by receiving stolen property and delivery of a controlled substance.[1] Appellant was sentenced to an aggregate term of 54 to 240 months' incarceration. After careful review, we affirm.

The trial court set forth the relevant facts as follows:

> [Edward] Cor[n]ett testified that on August 18, 2018, he resided in Chambersburg; [and] he was staying with a friend, Tyler Ewing. At that time, [Mr. Cornett] owned an AR-15 rifle. He testified that he had possession of the rifle on August 17, 2018, when he went to bed. He kept the rifle in a bag.
>
> The following morning, Ewing woke Mr. Cornett, yelling that the bag and rifle were missing.

---

[1] 18 Pa.C.S.A. § 3925(a), and 35 P.S. § 780-113(a)(30), respectively.

Mr. Cornett had not given anyone permission to take the rifle. Mr. Cornett did not see anyone take the rifle.

. . . . Mr. [Erik] Beamer testified that on August 18, 2018, he knew Tyler Ewing through a mutual friend. Mr. Beamer went to Ewing's residence with his girlfriend. They went to Ewing's residence to "hang out and pretty much I guess we did some drugs." Mr. Beamer's drug of choice at this time was heroin.

Mr. Beamer testified that he stole a gun from Ewing's residence. Mr. Beamer testified that he "traded it for heroin" from [appellant]. He texted [appellant] that night to "trade the item that I stolen [sic] for drugs."

The trade occurred on Queen Street in Chambersburg. In exchange for the rifle, [appellant] gave Mr. Beamer heroin and $100 cash. [Appellant], Mr. Beamer, Mr. Beamer's girlfriend, and Dunstin Kahn were present during the transaction. During Mr. Beamer's testimony, the Commonwealth played several video clips from the downtown Chambersburg surveillance cameras. These video clips tracked the movement of Mr. Beamer in the downtown area both before and after he stole the firearm.

The Commonwealth next presented the testimony of Dustin Kahn. Mr. Kahn was a co-defendant of [appellant], and had previously pled guilty to [r]eceiving [s]tolen [p]roperty for the firearm in question. Mr. Kahn initially testified that, after receiving the gun from Mr. Beamer, he "held it for a day and gave it back to him whenever he needed it back.[2]

Trial court Rule 1925(a) opinion, 1/14/20 at 3-5 (citations to notes of testimony and trial exhibit omitted).

The Commonwealth next called Detective James Iverson to testify. Detective Iverson is a criminal

---

[2] At trial, the Commonwealth impeached Mr. Kahn's testimony, using his previously recorded statement to Detective Matthew Lynch.

investigator with the Chambersburg Police Department. Det. Iverson was involved with the arrest of [appellant], and noted that a vehicle matching the description of the one used in this case was present at the scene of [appellant]'s arrest.

The final witness for the Commonwealth was Detective Matthew Lynch from the Chambersburg Police Department; Det. Lynch was the investigating officer in this case. Based upon information Det. Lynch learned through the course of his investigation, he accessed the municipal surveillance cameras covering downtown Chambersburg. The surveillance video corroborated what Mr. Beamer and Mr. Kahn subsequently disclosed during their interviews with police.

*Id.* at 8 (citations to notes of testimony and trial exhibit omitted).

On June 24, 2019, a jury convicted appellant of the above-noted charges. On October 2, 2019, the trial court imposed sentence. Appellant filed a post-sentence motion *nunc pro tunc* on October 16, 2019. The trial court granted *nunc pro tunc* relief on October 25, 2019, and denied appellant's post-sentence motion[3] on November 21, 2019. Appellant timely appealed. On December 4, 2019, the trial court ordered appellant to file a Rule 1925(b) statement and appellant timely complied. Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues on appeal:

[1.] Whether the Commonwealths [sic] evidence was sufficient to prove that [appellant] committed

---

[3] As the trial court granted appellant leave to file his post-sentence motion *nunc pro tunc*, the motion is timely for purposes of the Pa.R.Crim.P. 720(B)(3) deadline. (*See also* trial court order, 10/25/19 at unnumbered 1, ¶ 4.)

[r]eceiving [s]tolen [p]roperty or [d]elivered a c]ontrolled [s]ubstance?

[2.] Whether, in the alternative, the weight of the evidence was so weak and inconclusive such that no possibility of guilt should have been determined that [appellant] committed the act of [r]eceiving [s]tolen [p]roperty or [d]elivered a [c]ontrolled [s]ubstance?

[3.] Whether [appellant]'s sentence should be modified as being unreasonable considering the circumstances of the case?

Appellant's brief at 10 (issues renumbered as first numbered issue was not an issue).

Appellant contends there was insufficient evidence to support his convictions for receiving stolen property and delivery of a controlled substance because, at the time appellant was detained, there were no firearms or drugs found on his person or at his residence. (*Id.* at 12, 14.) However, appellant's brief reveals that the thrust of his insufficiency of the evidence claim is that his convictions were based on the suspect testimony of Mr. Beamer and Mr. Kahn, appellant's co-defendant. (*Id.* at 14-15.) Appellant asserts that both witnesses admitted to using drugs, that Mr. Beamer testified in order to receive a deal from the Commonwealth, and that Mr. Kahn gave multiple versions of the events of the night in question. Appellant also acknowledges he is asserting the same argument with respect to his sufficiency of the evidence and weight of the evidence claims. (*Id.* at 16.)

Here, appellant challenges the credibility of Mr. Kahn and Mr. Beamer.

Therefore, based on the certified record before us, as well as appellant's brief,

appellant's challenge is to the weight of the evidence, not its sufficiency.[4] ***See***

***Commonwealth v. Wilson***, 825 A.2d 710, 713-714 (Pa.Super. 2003) (a

review of the sufficiency of the evidence does not include a credibility

assessment; such a claim goes to the weight of the evidence);

***Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa.Super. 1997) (the

fact-finder makes credibility determinations, and challenges to those

determinations go to the weight of the evidence, not the sufficiency of the

evidence).

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> . . . .
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> . . . .

---

[4] ***See also*** trial court Rule 1925(a) opinion, 1/14/20 at 9 (finding appellant's sufficiency of the evidence claim is a weight claim).

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-1055 (Pa. 2013) (citations and quotation marks omitted). "In order for a defendant to prevail on a challenge to the weight of the evidence, 'the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.'" *Commonwealth v. Talbert,* 129 A.3d 536, 546 (Pa.Super. 2013) (citation omitted), *appeal denied*, 138 A.3d 4 (Pa. 2016).

In his brief, appellant invites us to assess witness credibility and reweigh the evidence. We decline the invitation. "The jury, as finder of fact, had the duty to determine the credibility of the testimony and evidence presented at trial." *Talbert*, 129 A.3d at 546 (citation omitted). "[A]ppellate court[s] cannot substitute [their] judgment for that of the finder of fact." *Id.* (citation omitted).

A jury of appellant's peers heard the testimony of Mr. Beamer, Mr. Kahn, and the police officer who took their statements. Mr. Beamer testified that, at the time of the incident, he was a heroin user who stole Mr. Cornett's AR-15 assault rifle and rifle bag in order to trade it for heroin. (Notes of testimony, 6/24/19 at 28, 33-35.) He then texted appellant because he knew he could obtain heroin from appellant. (*Id.* at 36.) The sale occurred

on Queen Street in a Chrysler 300Z, wherein appellant was the driver, and Mr. Kahn was the front seat passenger. (**Id.** at 36-38.) Mr. Beamer handed the firearm to Mr. Kahn, who took the firearm into the house and left it there. Appellant gave Mr. Beamer heroin and $100. (**Id.** at 37, 39.) Mr. Beamer acknowledged he entered into a plea agreement with the Commonwealth with regard to the theft of the AR-15 and other matters. (**Id.** at 41-44.) Video surveillance footage obtained by Detective Matthew Lynch corroborated Mr. Beamer's testimony. (**Id.** at 46-53, 126.) Detective Lynch testified that the statement he took from Mr. Kahn closely mirrored Mr. Beamer's version of the events. (**Id.** at 124.) At trial, Mr. Kahn admitted telling Detective Lynch that he received the firearm from Mr. Beamer and appellant gave Mr. Beamer heroin. (**Id.** at 91.) However, at trial, he recanted his statement. (**Id.**)

The jury weighed the evidence and assessed the credibility of those witnesses and determined that the Commonwealth's evidence proved beyond a reasonable doubt that appellant committed the crimes of theft by receiving stolen property and delivery of heroin. After carefully reviewing the record, we conclude that the jury's verdict was not so contrary to the evidence so as to shock one's sense of justice. Rather, our review of the record supports our

conclusion that the trial court properly exercised its discretion in denying appellant's weight of the evidence claim.[5]

Appellant's final issue is that his sentence should be modified because it is unreasonable considering the circumstances of the case. (Appellant's brief at 10.) Appellant's claim presents a challenge to the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our [c]ourt recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a

---

[5] Even had appellant set forth an actual sufficiency of the evidence claim, the trial court found that none of appellant's challenges to the sufficiency of the evidence, as set forth in his Rule 1925(b) statement, "identified the charge(s) or element(s) at issue," and therefore, it could not realistically analyze a claim of insufficient evidence. (Trial court Rule 1925(a) opinion, 1/14/20 at 9.) As this court has stated, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa.Super. 2013) (citation omitted), *affirmed*, 160 A.3d 245 (Pa. 2017). Moreover, we are compelled to note that the argument regarding appellant's sufficiency challenge, in his counseled brief, falls far short of a meaningful legal argument capable of appellate review. Therefore, even if appellant did not waive his sufficiency claim for failure to preserve it in his Rule 1925(b) statement, because he did not state with specificity the element(s) of the crime(s) he challenges, he would waive his sufficiency claim for failure to develop a meaningful legal argument on the issue. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (reiterating where appellate brief fails to develop issue in any meaningful fashion capable of review, defendant waives that claim).

different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted; brackets in original).

A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this [c]ourt's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa.Super. 2016)

(footnote and some citations omitted).

Instantly, appellant filed a timely notice of appeal, properly preserved his sentencing challenge in a post-sentence motion, and included in his brief the requisite Rule 2119(f) statement. Consequently, we must now determine whether appellant raises a substantial question.

In his brief, appellant contends that:

- 9 -

> [t]he trial court increased the minimum sentence by 6 months in the aggregate over what the recommendation sentence in the case was and doubled the maximum recommendation sentence. [Appellant] argues that the [trial c]ourt's increase in the recommended maximum sentences was excessive and should be reviewed by the [a]ppellate [c]ourt.

Appellant's brief at 17. He further asserts that his sentence "was outside the [s]tandard [r]ange as recommended by the Pennsylvania Commission of Sentencing," and that this court can remand for resentencing if "the [t]rial [c]ourt sentenced within the guidelines but the case involves circumstances in which the application of the guidelines would be unreasonable. 42 Pa.C.S.A. § 9781(c)(2)." (*Id.* at 7.)

We determine whether an appellant raises a substantial question on a case-by-case basis. ***Commonwealth v. Swope***, 123 A.3d 333, 338 (Pa.Super. 2015). "A substantial question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

> In determining whether a substantial question exists, this [c]ourt does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Id.* at 340 (citation omitted). "Generally, if the sentence imposed falls within the sentencing guidelines, no substantial question exists." ***Commonwealth v. Maneval***, 688 A.2d 1198, 1199-2000 (Pa.Super. 1997) (citation omitted).

Appellant neither challenges a specific provision of the sentencing scheme nor cites to any particular fundamental norm underlying the sentencing process that he believes was violated. This court has "held that, without either, [an] appellant's bald assertion of excessiveness d[oes] not raise a substantial question. ***Commonwealth v. Giordano***, 121 A.3d 988, 1008 (Pa.Super. 2015), ***appeal denied***, 131 A.3d 490 (Pa. 2016). Consequently, we conclude that appellant has not raised a substantial question.

Nevertheless, even if we were to find that appellant raises a substantial question, his claim would warrant no relief. In its Rule 1925(a) opinion, the trial court fully set forth its reasons for the sentence imposed, as stated at the time of sentencing.[6] (***See*** trial court's Rule 1925(a) opinion, 1/14/20 at 12-13; notes of testimony, 10/2/19 at 9-10.)

This court's review of the record substantiates our finding that the trial court did not abuse its discretion in sentencing appellant.

---

[6] Further, as noted by the trial court, a person convicted of a second or subsequent offense under 35 P.S. § 780-113(a)(30), "may be imprisoned for a term up to twice the term otherwise authorized . . ." 35 P.S. § 780-115(a). (***See*** notes of testimony, 10/2/19 at 7.)

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2020