J-S07036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC W. LOMAX | : | |
| | : | |
| Appellant | : | No. 908 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 30, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001531-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC W. LOMAX | : | |
| | : | |
| Appellant | : | No. 909 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 30, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001596-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC WAYNE LOMAX JR. | : | |
| | : | |
| Appellant | : | No. 910 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 30, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000683-2015

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: APRIL 21, 2022**

Eric Wayne Lomax, Jr. (Lomax) appeals the judgments of sentence and the revocation of probation sentence entered on June 30, 2020, by the Court of Common Pleas of Erie County (trial court) in the three above-captioned cases. These sentences were all made consecutive and within the standard statutory ranges. In this appeal, Lomax contends that the trial court cut short his right to allocution, resulting in manifestly excessive and unreasonable sentences. We affirm.

**I.**

The trial court has summarized the relevant case facts and procedural history as follows:

> At **Erie County Docket No. 683 of 2015**, [Lomax] entered a guilty plea to Unlawful Delivery (Heroin) in May, 2015, and he was originally sentenced on June 15, 2015 to a period of incarceration followed by probation. As relevant to this appeal, on June 30, 2020, **[Lomax's] probation at this docket was revoked for the second time and he was re-sentenced to 15 months to 30 months of incarceration**.
>
> At **Erie County Docket No. 1531 of 2019**, on January 6, 2020, [Lomax] entered a negotiated guilty plea to Count Two, Firearms Not To Be Carried Without a License (loaded firearm). The conviction arose from [Lomax's] actions in carrying a loaded firearm at a Country Fair convenience store in Erie, Pennsylvania on or about May 1, 2019. The remaining charges were *nolle prossed*. As relevant to this appeal, on June 30, 2020, **[Lomax] was sentenced to 42 months to 84 months of incarceration, consecutive to the revocation sentence imposed at No. 683**

_____

[*] Retired Senior Judge assigned to the Superior Court.

**of 2015**. The sentence was in the standard range of the guidelines.

At **Erie County Docket No. 1596 of 2019**, on January 6, 2020, [Lomax] entered a negotiated guilty plea to Count Three, Firearms Not To Be Carried Without a License; Count Eight, which was amended to Conspiracy to commit Burglary; and Count Eleven, Intimidation of Witnesses or Victims, which was amended to a first-degree misdemeanor. The convictions arose from [Lomax's] actions in brandishing a handgun and forcibly entering a residence in Erie, Pennsylvania, removing, inter alia, a debit card and/or jewelry and/or cellular phones and threatening to kill the victims and/or their families. The remaining charges were *nolle prossed*.

As relevant to this appeal, on June 30, 2020, **[Lomax] was sentenced at Count Three, Firearms Not To Be Carried Without a License, to 24 months to 48 months of incarceration, consecutive to the sentence imposed at Count Two of No. 1591 of 2019**. **[Lomax] was sentenced at Count Eight, Conspiracy to Commit Burglary, to 27 months to 54 months of incarceration, followed by 6 years of probation, concurrent with Count Three at No. 1596 of 2019**. **At Count Eleven, the intimidation charge, [Lomax] was sentenced to 12 months to 24 months of incarceration, concurrent with Count Three at No. 1596 of 2019**. These sentences imposed at No. 1596 of 2019 were standard-range sentences.

Trial Court Opinion, 10/6/2021, at 2-3 (headings and footnotes omitted, emphases added).

After he was sentenced in the above three matters, Lomax sought to file post-sentence motions and a motion for reconsideration. However, Lomax's counsel immediately filed notices of appeal before the post-sentence motions were filed. The appeals were later dismissed on January 27, 2021, because counsel had not filed any appellate briefing. The trial court then granted Lomax post-conviction relief, allowing him to file direct appeals as to his three

sentences, *nunc pro tunc*. Lomax was then appointed appellate counsel, and after timely filing his appeals, he raised a single claim in his brief:

> Did the trial court err in handing down sentences for this case that were manifestly excessive and clearly unreasonable, when the court did not allow [Lomax] to fully speak on his own behalf at sentencing?

Appellant's Brief, at 2. The Commonwealth has not filed a brief in response.

**II.**

Lomax's central contention is that the trial court imposed a manifestly excessive and unreasonable sentence in his three cases, and that the merit of this claim is evidenced by the fact that the trial court denied Lomax the right of allocution at the sentencing, precluding consideration of relevant sentencing factors. Because Lomax raises an issue concerning a discretionary aspect of his sentence, he must invoke this Court's jurisdiction to consider the merits of his claim by satisfying the following requirements:

> (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

***Commonwealth v. Akhmedov***, 216 A.3d 307, 328 (Pa. Super. 2019) (quoting ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (internal citations omitted)). If all four of these elements are met, then

this Court may review the merit of the claim under an abuse of discretion standard. ***See Akhmedov***., 216 A.3d at 328-29.[1]

In order to demonstrate that a substantial question has been raised, an appellant must state (1) where his or her sentence falls in conjunction with the Sentencing Guidelines; (2) the Sentencing Code provision that has been violated; (3) the fundamental norm that the sentence ran afoul of; and (4) how the sentence violated that norm. ***See Commonwealth v. Naranjo***, 53 A.3d 66, 72 (Pa. Super. 2012); ***Commonwealth v. Maneval***, 688 A.2d 1198, 1200 (Pa. Super. 1997) (same); ***see also*** 42 Pa.C.S. § 9781(c) (permitting appellate review of sentences imposed unreasonably or in violation of statutory guidelines).

In the present case, Lomax has substantially complied with the above elements for raising a substantial question as to the discretionary aspects of his sentences. He has filed a timely notice of appeal and a post-sentence motion seeking a modification of his sentences. ***See*** Appellant's Brief, at 10-11. His brief contains a separate section in compliance with Pa.R.A.P. 2219(f)

---

[1] "[A] sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted). In the context of sentencing, "an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.***

detailing the fundamental sentencing norm he claims was violated. He has also identified a substantial question.[2]

Turning now to the merits, we consider Lomax's claim that the trial court imposed a manifestly excessive and unreasonable sentence, as evidenced by his right to allocution being improperly curtailed.[3] Contrary to what Lomax asserts, the record establishes that he received an opportunity to address the trial court in writing and verbally in open court[4] prior to sentencing:

> [Trial Court]: I understand. We will be fair amongst all the codefendants here. All right, sir, taking into account what has been said by you and both counsel and our state parole agent —
>
> [Defense Counsel]: Your Honor, he hasn't had a chance —
>
> [Trial Court]: I'm sorry. Oh, I read the letter. Anything you would like to add in furtherance of that, sir?

---

[2] Lomax appears to assert that by cutting short the right to allocution, the trial court was unable to consider potentially relevant or mandatory considerations that he would have raised at the sentencing hearing. Such a claim involves a substantial question concerning discretionary aspects of the sentence. ***See e.g.***, ***Commonwealth v. Roden***, 730 A.2d 995, 996-97 (Pa. Super. 1999) (substantial question raised where defendant asserted that the trial court failed to consider mandatory sentencing factors).

[3] The right to allocution is guaranteed by Pa.R.Crim. P. 704(C)(1), which provides that, "at the time of sentencing, the judge shall afford the defendant the opportunity to present information and argument relative to sentencing." Moreover, under 42 Pa.C.S. § 9752(a)(2), a defendant has the "right to make a statement" before sentencing, and "as soon as practicable after the determination of guilt[.]"

[4] The proceedings were conducted remotely by video due to health and safety measures related to the COVID-19 outbreak.

**[Lomax]: My apologies**.  **You got my letter**.  **I just want to apologize additionally**.

**[Trial Court]: You know, I did read your letter, and you sound very sincere, but I don't know why you don't think of these things before you commit these dastardly crimes**.  **I mean, your record is atrocious**.

[Lomax]: I understand, Your Honor.

[Trial Court]: I mean, your record tells me who you are.

[Lomax]: It's not who I am though.  The circumstances, everything — I don't want to make excuses, but I know I made those errors and faults and decisions.  I just want to apologize. Like [defense counsel] said, I don't want to go away and not have a chance to be able to come back and do good.  I'm better than this.

[Trial Court]: I have no doubt you could do good if you wanted to, but that's not what we have in front of us.  So once again, **I am taking into account the statements of both counsel, the statement of the state parole agent, the statement of the defendant as well as the well-written letter that he did send to me that I did get this morning and did have a chance to read**.

I'm also taking into account the pre-sentence investigation report, ... and it's almost hard for me to believe that after the time you served in the state pen and being on probation as you were that you would get yourself mixed up with this kind of thing.  It just baffles me that the state prison time you did wasn't miserable enough for you to decide you were going to come out and be a decent citizen.  I'm also taking into account — what's that?

[Lomax]: It was.  I just - I want to go home.  I wasn't myself after losing my mom.

[Trial Court]: I'm having a hard time hearing him.

[Prosecutor]: He said he wasn't himself anymore after losing his mom.

[Trial Court]: Well, Yeah.

- 7 -

[Lomax]: I became somebody that I wasn't.

The Court: I--.

[Defense Counsel]: He said he became somebody that he wasn't. Again, the death of his mother — losing his mother set him on another tailspin.

[Trial Court]: Tell you what, Lomax, we all lose our mothers sometime. You have to be able to deal with it, all right? And one way is not to go out and get guns and threaten others in our community.

Sentencing Transcript, 6/20/2020, at pp. 13-16 (emphasis added).

In sum, Lomax sent a letter to the trial court which the trial court read. At the sentencing hearing, the trial court allowed Lomax to elaborate on what he had conveyed in the letter. Lomax then apologized for his crimes and explained that the loss of his mother had contributed to his criminal behavior. As reflected by the transcript, the exchange between Lomax and the trial court appeared to come to a natural conclusion.

There is nothing in the record to suggest that Lomax had something further to add or that he was otherwise dissatisfied with the length of allocution. No objection appears on the record, nor any other indication that Lomax had not yet finished addressing the trial court. Moreover, we find no evidence in the record to support the contention that the trial court otherwise failed to consider any statutorily mandated factors outlined in the Sentencing

Code.[5]  Thus, Lomax's appeal has no merit, and the judgments of sentence must be upheld.

Judgments of sentence affirmed.

Judge Olson joins the memorandum.

Judge Sullivan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/21/2022

---

[5]  When imposing sentence, the trial court must consider, *inter alia*, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721(b).