J-S41021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY AHSAN COMANS | : | |
| | : | |
| Appellant | : | No. 1090 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 12, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007423-2017

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED: JANUARY 8, 2024**

Appellant, Gregory Ahsan Comans, appeals from the judgment of sentence entered on April 12, 2022 in the Criminal Division of the Allegheny County Court of Common Pleas. We affirm.

The trial court ably summarized the relevant facts as follows.

> [Appellant] was charged with one count each of criminal attempt – criminal homicide (18 Pa.C.S.A. § 901(a)), aggravated assault (18 Pa.C.S.A. § 2702(a)(1)), and, recklessly endangering another person (18 Pa.C.S.A. § 2705) at CP-02-CR-0007423-2017 in Allegheny County, Pennsylvania. The charges stemmed from a shooting incident where [Appellant] discharged over a dozen shots from a handgun at the victim. The unarmed victim was struck, leaving him seriously injured and permanently disabled. After a non-jury trial, [Appellant] was found guilty [of aggravated assault] and sentenced on April 12, 2022[. Appellant] received six to 12 years' incarceration[.] Timely post-sentence motions were filed and the trial court denied relief [on Appellant's request that the trial court exercise its

---

[*] Former Justice specially assigned to the Superior Court.

> discretion to reduce Appellant's sentence given his extended pretrial detention on home electronic monitoring]. [Appellant] appealed [and both the trial court and Appellant complied with Pa.R.A.P. 1925].

Trial Court Opinion, 1/12/23, at 2 (cleaned up).

At sentencing, and in his post-sentence motion, concise statement, and brief on appeal, Appellant raised a single claim. Specifically, Appellant asserted that "[g]iven the considerable length of time [he] spent on electronic home monitoring pending trial [(four years),] coupled with 42 Pa.C.S.A. § 9721(b)'s requirement that sentencing must take into account the facts and circumstances of the defendant's case as well as his character and rehabilitative needs, the trial court abused its discretion in not giving [Appellant] any credit for the time he spent on home electronic monitoring." Appellant's Brief at 26. For the reasons that follow, we conclude that Appellant is not entitled to relief.

Appellant claims that the trial court abused its discretion at sentencing. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant filed a timely notice of appeal, preserved his claim at sentencing and in a timely post-sentence motion, and included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Hence, we turn to whether Appellant raised a substantial question. *See Commonwealth v. Faulk*, 928 A.2d 1061, 1071–1072 (Pa. Super. 2007) ("[t]o be reviewed on the merits, a challenge to the discretionary aspects of sentence must raise a substantial question that the sentence imposed is not appropriate. A substantial question is raised when the appellant advances a colorable argument that the sentence was either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. This Court determines whether an appellant has raised a substantial question by examination of the appellant's concise statement of the reasons relied upon for allowance of appeal[.]").

On appeal, Appellant claims that the trial court abused its discretion when it imposed an upper standard range sentence of six to 12 years'

incarceration for aggravated assault, without considering the extended period he spent on electronic home monitoring prior to trial. A claim which alleges merely that the trial court failed to consider (or adequately consider) a mitigating circumstance when imposing its sentence does not raise a substantial question that supports appellate review. *See Commonwealth v. Crawford*, 257 A.3d 75, 79 (Pa. Super. 2021); *see also Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."); *Commonwealth v. Ladamus*, 896 A.2d 592, 595 (Pa. Super. 2006). This is particularly true where a challenged sentence falls within the standard range of the sentencing guidelines. *See Commonwealth v. Maneval*, 688 A.2d 1198, 1199-2000 (Pa. Super. 1997). Hence, Appellant is not entitled to appellate review of his claim.

Further, even if we were to address the substance of Appellant's claim, we would hold that the claim fails on its merits. It is well-established that "[w]hen imposing a sentence [of total confinement], a [trial] court must consider the factors set forth in 42 Pa.C.S.A. § 9721(b)." *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). Section 9721(b) of the Sentencing Code, in pertinent part, states,

> the [trial] court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with [S]ection 9725 (relating to total confinement) and the protection

of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The [trial] court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under [S]ection 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation).

42 Pa.C.S.A. § 9721(b). Appellate review of a trial court's sentencing determination and application of the foregoing principles is governed by Section 9781(c) of the Sentencing Code.

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the [trial] court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable."

**Commonwealth v. Bowen**, 975 A.2d 1120, 1123 (Pa. Super. 2009), *citing* 42 Pa.C.S.A. § 9781(c).

We have carefully reviewed the certified record, the pertinent case law, and the submissions of the parties. Based upon our review, we agree with the trial court that Appellant would not be entitled to relief on his discretionary sentencing claim. At the outset of its analysis, the trial court observed that no defendant is entitled to credit for time served on pretrial electronic home monitoring. **See** Trial Court Opinion, 1/12/23, at 2, *citing* **Commonwealth v. Kyle**, 874 A.2d 12, 20-21 (Pa. 2005) (defendant is not in custody in such circumstances); **see also Commonwealth v. Druce**, 868 A.2d 1232 (Pa. Super. 2005). Moreover, as the sentencing transcript makes clear, the court

- 5 -

imposed a reasonable punishment based upon its sensible assessment of the gravity of the offense, the need to protect the public, and the permanent nature of the injuries and disabilities suffered by the victim. Finally, the trial court was aware of and considered a pre-sentence investigation report, which raised a presumption that the court meaningfully weighed and assessed all of the factors relevant to sentencing. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Hence, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 1/8/2024