J-S45010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRON JOHNSON | : | |
| | : | |
| Appellant | : | No. 761 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 2, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000193-2023

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                **FILED: FEBRUARY 24, 2025**

Appellant, Tyron Johnson, appeals from the sentence entered on May 2, 2024, following the revocation of his probation. In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago,*** 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the facts and procedural history of this case as follows:

On November 13, 2023, [the trial court accepted Appellant's] guilty plea to one count of [driving under the influence of alcohol (DUI) - ](high rate of alcohol), in violation of 75 Pa.C.S.A. § 3802(b)(third offense), and all other charges were withdrawn by the Commonwealth. A pre-sentence investigation [report] (PSI) was ordered prior to sentencing, and [Appellant] appeared for imposition of sentence on January 3, 2024. Following review of the information provided in the PSI, [the trial c]ourt sentenced [Appellant] to twenty-four (24) months [of] restrictive probation, with the first twelve (12) months to be served on house arrest with electronic monitoring, and [] $1,500.00 fine. Additionally, [Appellant] was ordered to undergo drug and alcohol evaluations, to attend alcohol highway safety school, and to follow all of the rules and recommendations thereof, and to abstain from the use of drugs and alcohol.

On March 13, 2024, however, the Luzerne County Department of Probation Services issued a violation report, and [a mandated probation revocation] hearing was held on May 2, 2024. At the time of [Appellant's] violations, the Sentencing Code permitted the [c]ourt to "revoke an order of probation upon proof of the violation of specified conditions of probation," and directed that "[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing… ." 42 Pa.C.S.A. § 9771(b). Here, [Appellant] admitted that while on house arrest he left his residence on the pretense that he was engaged in permitted work, but had instead spent time at a Wine and Spirits store, a [Philadelphia] restaurant, in random parking lots, and at [a location] on Willow Street in Wilkes-Barre[, Pennsylvania]. Following the hearing, [Appellant's] sentence was revoked, and he was re-sentenced to twelve (12) to twenty-four months' incarceration in a state correctional institution.

On May 13, 2024, [Appellant] filed a timely, counseled motion to modify his sentence. [Appellant] asked the [c]ourt to exercise its discretion to reinstate [Appellant's] original sentence, or in the alternative, to modify his sentence so that it could be served at the Luzerne County Correctional Facility with the possibility of work release. … On May 16, 2024, [Appellant's] post-sentence motion was denied.

Trial Court Opinion, 6/28/2024, at 1-2 (footnotes and record citations omitted). This timely appeal resulted.[1]

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an ***Anders*** brief. Before reviewing the merits of this appeal, we therefore must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Miller***, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under ***Anders***, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." ***Miller***, 715 A.2d at 1207. Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

_____

[1] On May 23, 2024, counsel for Appellant filed a timely notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal and counsel for Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 28, 2024. In that opinion, the trial court first found that Appellant's concise statement was vague and, therefore, Appellant waived all issues for failing to offer specific allegations of abuse, but then ultimately determined that "the sentence imposed upon [Appellant] following revocation was within applicable statutory bounds, and was formulated based on thorough consideration of [Appellant's] history and the circumstances of his violations." Trial Court Opinion, 6/28/2024, at 4.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel .... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them[.]"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is,

in fact, wholly frivolous. Our analysis begins with the claim raised in the *Anders* brief, which is as follows:

  I.    Whether the trial court committed an error of law or abused its discretion in failing to reinstate an intermediate punishment sentence or in the alternative, allow the sentence to be served at Luzerne County Correctional Facility with the possibility of work release[?]

*Anders* Brief at 1.

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence). We note that, in an appeal following the revocation of probation, our scope of review includes discretionary aspects of sentencing claims. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

This Court has previously explained:

It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant [ ] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

[*Moury*, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted).

Here, Appellant complied with the first three requirements as set forth above. Appellant also raises a substantial question. *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms

- 6 -

which underlie the sentencing process'" when considering a substantial question for discretionary sentencing review).

This Court has previously determined:

Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000) (citations omitted). Following revocation, the court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Id.* In fashioning its sentence, the court must consider the general sentencing standards set forth in 42 Pa.C.S.[A.] § 9721(b) as well as the factors in 42 Pa.C.S.[A.] § 9771, which are unique to violation of probation (VOP) sentences. *See Derry*, 150 A.3d at 994.

Before imposing a sentence of total confinement after a probation violation, the sentencing court must consider the factors set forth in Section 9771(b). *Crump*, 995 A.2d at 1282 (citation omitted). Under Section 9771, total confinement may be imposed if "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.[A.] § 9771(c)(1)-(3).[2]

This Court has held that "technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007). Where

_____

[2] Although not applicable herein, we note that recent amendments to Section 9771 became effective on June 11, 2024. *See Commonwealth v. Maneval*, 688 A.2d 1198 (Pa. Super. 1997) (For purposes of appellate review of sentence, applicable guidelines are those in effect at time that offense was committed.). The amendments make substantial changes to the trial court's authority to impose a sentence of total confinement in response to technical violations of probation. *See* 42 Pa.C.S.A. § 9771(c) (effective June 11, 2024) ("There is a presumption against total confinement for technical violations of probation.").

probation is ineffective as a rehabilitative tool, a sentence of incarceration may be appropriate. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1254 (Pa. Super. 2006) (finding no abuse of discretion in the trial court's sentence of total confinement due to technical violations and concluding that "[a]ppellant was not responding to the court's authority; incarceration was necessary."); *see also Commonwealth v. McAfee*, 849 A.2d 270, 277 (Pa. Super. 2004) (stating that the trial court correctly determined that a sentence of total confinement was necessary to vindicate the court's authority because the appellant "had demonstrated a complete lack of willingness to comply with the multiple court orders entered in this case").

Additionally, in every case following the revocation of probation, the trial court must consider the sentencing factors listed in Section 9721(b). *See Derry*, 150 A.3d at 994; *see also Commonwealth v. Williams*, 69 A.3d 735, 741 (Pa. Super. 2013) (stating that because the sentencing guidelines do not apply to sentences imposed following a revocation of probation, we look solely to the provisions of section 9721(b) in determining whether a sentence is excessive). Section 9721(b) provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.[A.] § 9721(b).

A "review of the discretionary aspects of a VOP court's sentence with regard to Section 9721(b) factors may, as a practical matter, dictate a greater degree of deference from a reviewing court[.]" *Derry*, 150 A.3d at 995 n.2. Our Supreme Court has explained that

> since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a presentence investigation report (PSI) during the initial sentencing proceedings. *See Commonwealth v. Walls*, 926 A.2d 957, 967 n. 7 (Pa.

2007) ("Where a PSI exists we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014).

***Commonwealth v. Doss***, 2019 WL 2526154, at *3–4 (Pa. Super. 2019) (non-precedential decision) (original brackets omitted; new brackets supplied).[3]

Upon review, in this case, the Commonwealth presented evidence at the revocation hearing that Appellant committed multiple violations of the terms of his house arrest and work release by going to unauthorized locations, including a Wines and Spirits store, "different parking lots," a restaurant called "Philly's Phinest" and "a separate address" that was not previously approved by the Probation Department. N.T., 5/2/2024, at 3. As the trial court noted, it had "concerns" because Appellant "started violating the house arrest" "within about a month of being sentenced." ***Id.*** at 6. The trial court noted that it had given Appellant "a big break by being on house arrest" considering his "bad criminal history" and that he did not "follow the rules" and "had messed up" despite being "given a huge break." ***Id.*** at 6-7. However, the trial court stated that it would "give [Appellant] another break" and sentence him "at the low end of the guidelines[,]" but Appellant "need[ed] to be

---

[3] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

rehabilitated" for his "difficulty following rules and [that he] would benefit from a more structured supervision [] to correct and reform [his] ways." *Id.* at 7-9.

Upon review, we discern no abuse of discretion nor error of then-prevailing law in sentencing Appellant upon revocation of his probation. Here, the trial court was limited only by the maximum sentence that it could have imposed originally, and, upon resentencing, Appellant received a standard range sentence under the guidelines. Moreover, as detailed above, the sentencing court had the benefit of a PSI report and, therefore, we presume the trial judge was already fully informed as to the facts and circumstances of both the crime and Appellant's nature. Ultimately, the trial court determined that incarceration was essential because more lenient rehabilitation proved ineffective and a term of incarceration vindicated its authority. While recent changes to the sentencing code declare a presumption against total confinement for technical violations of probationary conditions, we note specifically that the recent amendments to Section 9771 were not in effect at the time of sentencing in this case. *See Maneval*, **supra**. For each of these reasons, we concur with the trial court's sentencing rationale and further recognize that a sentence of incarceration was proper as Appellant's violations were indicative of an inability to reform.

We independently considered the issues raised within counsel's ***Anders*** brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might

arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/24/2025